UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS,<br>Plaintiff,<br>v.<br>B. BAKER, et al.,<br>Defendants. | Case No. 23-cv-01387-HSG<br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br>Re: Dkt. No. 10 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 10) is before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

1 the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

2 A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

3 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

4 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

5 right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

6 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

7 U.S. 42, 48 (1988).

### B. Procedural Background

The initial complaint alleged that Plaintiff filed a grievance regarding his housing placement, and that on October 3, 2022, defendant SQSP correctional sergeant B. Baker retaliated against him for filing the grievance by issuing him a rules violation report, in violation of the First Amendment prohibition on retaliation for exercising protected conduct. *See generally* Dkt. No. 1. The Court dismissed the complaint with leave to amend because it only proffered a conclusory assertion without factual enhancement. Dkt. No. 8.

### C. Amended Complaint

The amended complaint names as defendants M. Gaitan, L.V. Perez, E. Cabrera, Wright, Stribling, T. Gourdine, and B. Baker. The amended complaint makes the following allegations.

On September 14, 2022, at intake, Plaintiff informed defendant Gaitan that he was not gay. Defendant Gaitan housed Plaintiff with a gay inmate because he could tell that homosexuality made Plaintiff uncomfortable. After Plaintiff discovered that he was housed with a gay inmate, Plaintiff asked defendants Cabrera, Wright, Stribling, and Gourdine why he was housed with a gay inmate. Defendant Wright responded that Plaintiff required a bottom bunk so they got him one, and defendant Gourdine told Plaintiff that if he didn't like his current housing, he should find a new cell. On September 16, 2022, Plaintiff filed a grievance about his housing placement. After filing the grievance, Plaintiff noticed non-party sergeant Perez and other guards laughing at him on different occasions as he passed the guards' desk, and sergeant Perez laughed at him on September 22, 2022, when Plaintiff returned from committee, where his request for restoration of single-cell status was denied. Plaintiff alleges that sergeant Perez and the guards were laughing as

if they found it funny that Plaintiff was forced to remain housed with a gay inmate. Plaintiff was "eventually housed in his own living quarters on September 22, 2022, but only after he committed a rule violation in an effort to keep himself safe." Dkt. No. 10 at 5. On October 3, 2022, defendant Baker retaliated against Plaintiff for filing a grievance about his housing placement by issuing him a rules violation report for his behavior on September 22, 2022.

The amended complaint alleges that defendants Gaitan, Perez, Cabrera, Wright, Stribling, and Gourdine were deliberately indifferent to Plaintiff's personal safety, in violation of the Eighth Amendment; and that defendant Baker retaliated against him for filing a grievance regarding his housing placement, in violation of the First Amendment.

The amended complaint is DISMISSED for failure to state a claim for the following reasons.

The amended complaint fails to state an Eighth Amendment claim against defendants Gaitan, Perez, Cabrera, Wright, Stribling, and Gourdine because it is unclear how being housed with a gay inmate exposed Plaintiff to an excessive risk to his safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The amended complaint does not identify how being housed with a gay inmate constituted an excessive risk to Plaintiff's safety. This Eighth Amendment claim is DISMISSED with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

The amended complaint fails to state a First Amendment retaliation claim against defendant Baker. In the amended complaint, Plaintiff acknowledges committing the rules violation that is the subject of the RVR issued by defendant Baker on October 3, 2022, and states that he deliberately committed a rules violation in order to obtain single cell status. This statement

3

contradicts the allegation that defendant Baker falsely issued the RVR in retaliation for Plaintiff's protected conduct. The First Amendment retaliation claim against defendant Baker is therefore DISMISSED with prejudice. *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceedings.") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court DISMISSES the First Amendment claim against defendant Baker with prejudice; DISMISSES defendant Baker from this action; and DISMISSES with leave to amend the Eighth Amendment claim against Gaitan, Perez, Cabrera, Wright, Stribling, and Gourdine.

2. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiency in the Eighth Amendment claim. Plaintiff may not raise new claims in the second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 23-01387 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.

Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   9/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge